**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:08-CV-P85-M**
**CRIMINAL ACTION NO. 1:98-CR-P2-M**

**DANNY MEADOR**                                                      **MOVANT/DEFENDANT**

v.

**UNITED STATES OF AMERICA**                              **RESPONDENT/PLAINTIFF**

**MEMORANDUM OPINION AND ORDER**

      The movant, Danny Meador, filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255). This matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] Based on its review, the Court has concluded that the movant's motion is time barred. However, before dismissing this action, the Court will provide the movant with an opportunity to respond.

**I. Analysis**

      A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitations period. The limitations period under § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[1] Rule 4(b) provides, in part: "If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . ."

>collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

On October 26, 1998, following the movant's plea of guilty, he was sentenced to a total of 180 months of incarceration. The judgment and order of commitment were entered by the Court on November 5, 1998. The movant did not appeal his sentence to the Sixth Circuit. The movant did not file his § 2255 motion until June 5, 2008, almost a decade after the one-year statute of limitations began running.

However, the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The movant bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly." *Dunlap*, 250 F.3d at 1008-09. In order to receive equitable tolling, the movant has the burden of demonstrating "that some extraordinary circumstance stood in his way" and prevented him from filing the motion in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The movant has not addressed why it took him almost ten years to file his motion.

Based on the foregoing, it appears that the movant's § 2255 motion should be summarily dismissed by the Court for failure to meet the one-year statute of limitations. Before dismissing the action on this ground, however, the Court will provide the movant with an opportunity to respond. The movant's response should be limited to the issue of timeliness.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion and Order, the movant must show cause why his § 2255 motion should not be dismissed for failure to meet the statute of limitations. The movant is **WARNED** that failure to respond within the time allotted **will result in dismissal for the reasons set forth herein.**

Date:


cc: Movant, *pro se*
4414.008